Craig K. Perry, Esq.
Nevada Bar # 3786
CRAIG K. PERRY & ASSOCIATES
8010 W. Sahara Avenue, Suite 260
Las Vegas, Nevada 89117
Phone: (702) 228-4777
Fax: (702) 943-7520
E-mail: info@1stoplawfirm.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Kirby Spencer,<br><br>   Plaintiff,<br><br>vs.<br><br>Security Finance Corporation of Nevada,<br>a foreign corporation, doing business in<br>Nevada,<br><br>   Defendant. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET. SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Spencer Kirby (hereafter referred to as "Plaintiff"), by and through his attorney, Craig K. Perry, Esq. of the law firm of Craig K. Perry & Associates, and alleges the following against Security Finance Corporation of Nevada (hereafter referred to as Defendant "SFC").

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereafter referred to as "TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 47 U.S.C. § 227(g)(2), and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

1

3. SFC conducts business in the State of Nevada and therefore, personal jurisdiction is established.

4. Venue in this District is proper pursuant to 47 U.S.C. § 227(e)(6)(E)(i), which incorporates by reference 28 U.S.C. § 1391, of which the following subsections apply: (b)(2), because a substantial part of the events giving rise to the claim arose in Nevada, and (c)(1), because Plaintiff is a resident of the state of Nevada.

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person residing in Henderson, Nevada.

7. Plaintiff is both a "person" and "called party" as those terms are used or defined in 47 U.S.C. § 227.

8. SFC is a South Carolina corporation doing business in Nevada and for whom a principal purpose of its business is telecommunications.

9. SFC is properly referred to as both a "person" and a "caller" as those terms are used or defined in 47 U.S.C. § 227.

## STATEMENT OF FACTS

10. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 through 9, inclusive, above.

11. Beginning on or about May 31, 2014, Plaintiff began receiving phone calls from SFC to his cell phone number.

12. On May 31, 2014, when the call came from SFC, Plaintiff answered the call and spoke to a woman on behalf of SFC. He informed her that this was now his phone number, and asked her not

to call it any more. She apologized and stated that her company would not call any more.  However, the calls continued unabated.

13. Not understanding why the calls continued, Plaintiff inquired of another caller why the calls were still coming in and whether the calls were being made using an automated dialer system. The caller, this time a man, affirmed, and Plaintiff asked that his name be removed from the automated telephone dialing system.

14. Accordingly, a total of eight (8) calls were made by SFC to Plaintiff's cell phone, one of which was a routine mistake under the TCPA and the remaining seven (7) were made willfully and knowingly.

15. SFC has denied making any calls to Plaintiff's cell number.

16. SFC has also denied using an automated telephone dialing system in contradiction to what was told to the Plaintiff by one of their callers who was an employee, agent or assign of SFC who was contacting or attempting to contact the Plaintiff.

17. These calls violate the Telephone Consumer Protection Act, 47 U.S.C. § 227.  Such calls are not permitted when there is neither (1) an established business relationship (see § 227(a)(2) nor (2) prior express consent (see § 227(b)(1)(A)).

18. SFC does not have an established business relationship with Plaintiff.

19. SFC did not have the prior express consent of the Plaintiff before making the calls to Plaintiff.

20. It has been necessary for Plaintiff to obtain the services of an attorney to pursue this claim, and Plaintiff is entitled to recover reasonable attorney's fees therefor.

///

///

3

**FIRST CLAIM FOR RELIEF**

**DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

21. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 through 20, inclusive, above.

22. Section 227(b)(3)(A) of the TCPA authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

23. Section 227(b)(3)(B) of the Act authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater."

24. Despite the fact that Plaintiff never consented to SFC making calls to his cellular telephone, SFC repeatedly placed these non-emergency calls to Plaintiff's cellular telephone without Plaintiff's consent.

25. The Act also authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations when they are done "willfully and knowingly."

26. Here, upon information and belief, SFC repeatedly and regularly sent nonemergency, automated calls to the Plaintiff's cellular telephone after Plaintiff repeatedly contacted SFC in an effort to prevent further violations from occurring.

27. SFC did not have Plaintiff's express consent prior to contacting him on his cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice.

WHEREFORE, Plaintiff respectfully prays that this Court grant the following relief in Plaintiff's favor and that a judgment be entered against Defendant SFC for the following:

(1) Actual damages;

4

(2) Statutory damages up to $1,500 per violation;

(3) Reasonable attorney's fees and costs; and

(4) Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff demands a trial by jury in this case.

RESPECTFULLY SUBMITTED,

DATED: October 2, 2014

CRAIG K. PERRY & ASSOCIATES

_____
Craig K. Perry, Esq.
Nevada Bar #3786
8010 W. Sahara Ave., Suite 260
Las Vegas, Nevada 89117
(702) 228-4777
(702) 942-7520 Fax
info@1stoplawfirm.com