DOUGLAS M. COHEN, ESQ.
Nevada Bar No. 1214
FENNEMORE CRAIG JONES VARGAS
300 South Fourth Street, Suite 1400
Las Vegas, Nevada  89101
Telephone:   (702) 692-8000
Facsimile:   (702) 692-8099
E-mail: dcohen@fclaw.com
*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

KIRBY SPENCER,

                    Plaintiff,

vs.

SECURITY FINANCE CORPORATION OF NEVADA, a foreign corporation, doing business in Nevada,

                    Defendant.

Case No. 2:14-cv-01914-RFB-PAL

## **DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**

Defendant, SECURITY FINANCE CORPORATION OF NEVADA (real party in interest, SFC OF NEVADA, LLC), hereby moves the Court to enforce the settlement agreement reached in this matter.

DATED this ____ day of February, 2015.

FENNEMORE CRAIG JONES VARGAS

By_____
DOUGLAS M. COHEN, ESQ.
Nevada Bar No. 1214
300 South Fourth Street, Suite 1400
Las Vegas, Nevada  89101
Telephone:   (702) 692-8000
Facsimile:   (702) 692-8099
E-mail: dcohen@fclaw.com
*Attorneys for Defendant*

FENNEMORE CRAIG JONES VARGAS
SUITE 1400
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101

1

**LEGAL ARGUMENT**

Douglas M. Cohen, Esq. represents Defendant, SECURITY FINANCE CORPORATION OF NEVADA (real party in interest, SFC OF NEVADA, LLC).   According to Mr. Cohen's Affidavit attached hereto as Exhibit A, Plaintiff, KIRBY SPENCER, and SECURITY FINANCE reached a definitive and binding settlement, in the amount of $4,000, on December 30, 2014, at 11:49 a.m.

On December 23, 2014, at 12:44 p.m., Kirby Spencer's attorney, Craig Perry, sent an e-mail to Douglas Cohen stating that his "Client's **offer** to settle is $4,000."  On December 23, 2014, at 12:52 p.m., Mr. Cohen sent an e-mail to Mr. Perry stating that Mr. Cohen was "forwarding your $4000 settlement offer to Security Finance" and thanked him for the two-week extension to respond to the Complaint.  On December 30, 2014, at 11:49 a.m., Mr. Cohen sent an e-mail to Craig Perry stating "Security Finance **accepts** your client's offer to settle for $4,000.  I will forward/email a proposed release to you next week.  Please email your W-9 to me and let me know to whom you want the settlement check made payable."  The material term to the settlement agreement was the $4,000 settlement amount.

On January 8, 2015, at 10:36 a.m., Mr. Cohen sent to Craig Perry an e-mail enclosing a draft of the release.  On February 12, 2015, Mr. Spencer attempted to renege on the settlement.

Under these circumstances, and based on the undisputed facts presented, this Court should hold that a settlement contract was formed and is enforceable.  *Young v. Sierra Pacific Power Co.*, 3:10-CV-00102-LRH-WGC (D. Nev. 2011), citing, *May v. Anderson*, 121 Nev. 668, 672 (2005) ("Under Nevada law, 'a settlement contract is formed when the parties have agreed to its material terms,' even though the exact language is finalized later, and even if a party later refuses to execute the written embodiment of the agreement.")

/ / /

/ / /

/ / /

/ / /

/ / /

FENNEMORE CRAIG JONES VARGAS
SUITE 1400
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101

1    Security Finance respectfully suggests that if documented routine settlements such as this

2   are not enforced, the practice of law would become untenable, and reliance on opposing counsel's

3   representations regarding his client's position on settlement or other matters would be worthless.

4        DATED this ____ day of February, 2015.

5                                    FENNEMORE CRAIG JONES VARGAS

6

7        By_____

8                                    DOUGLAS M. COHEN, ESQ.
                                     Nevada Bar No. 1214
9                                    300 South Fourth Street, Suite 1400
                                     Las Vegas, Nevada  89101
10                                   Telephone:   (702) 692-8000
                                     Facsimile:   (702) 692-8099
11                                   E-mail: dcohen@fclaw.com
                                     *Attorneys for Defendant*

12

13

14              **CERTIFICATE OF SERVICE**

15       Pursuant to FRCP Rule 5(b), I certify I am an employee of the law firm of Fennemore

16  Craig Jones Vargas, and that on the 18th day of February, 2015, I caused the foregoing

17  MOTION TO ENFORCE SETTLEMENT AGREEMENT to be served via electronic service to

18  the following:

19  Craig K. Perry, Esq.
    CRAIG K. PERRY & ASSOCIATES
20  8010 W. Sahara Avenue, Suite 260
    Las Vegas, Nevada  89117
21  *Attorneys for Plaintiff*

22

23       /s/ Patty Pierson
         an employee of Fennemore Craig Jones Vargas
24

25

26

27

28

FENNEMORE CRAIG JONES VARGAS
SUITE 1400
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101

3

# EXHIBIT A

DOUGLAS M. COHEN, ESQ.
Nevada Bar No. 1214
FENNEMORE CRAIG JONES VARGAS
300 South Fourth Street, Suite 1400
Las Vegas, Nevada 89101
Telephone:   (702) 692-8000
Facsimile:   (702) 692-8099
E-mail: dcohen@fclaw.com
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

|  |  |
|---|---|
| KIRBY SPENCER,<br><br>             Plaintiff,<br><br>vs.<br><br>SECURITY FINANCE CORPORATION OF NEVADA, a foreign corporation, doing business in Nevada,<br><br>             Defendant. | Case No. 2:14-cv-01914-RFB-PAL |

**AFFIDAVIT OF DOUGLAS M. COHEN, ESQ.**

STATE OF NEVADA )
                ) ss:
COUNTY OF CLARK )

DOUGLAS M. COHEN, ESQ., being first duly sworn, deposes and says that:

This Affidavit is based upon my personal knowledge.

I represent SECURITY FINANCE CORPORATION OF NEVADA, the named Defendant, and the real party in interest, SFC OF NEVADA, LLC.

Plaintiff, KIRBY SPENCER, served a Complaint on Security Finance Corporation of Nevada on December 9, 2014.  A copy of the Complaint is attached hereto as Exhibit 1.

On December 23, 2014, at 12:44 p.m., I received an e-mail from Kirby Spencer's counsel, Craig Perry, stating "It was nice chatting with you today.  Client's offer to settle is $4,000."  This e-mail is attached as Exhibit 2.

On December 23, 2014, at 12:52 p.m., I sent an e-mail to Craig Perry confirming a two-

1

week extension to respond to his Complaint and stating that "I am hereby forwarding your $4000 settlement offer to Security Finance." This e-mail is attached as Exhibit 3.

On December 30, 2014, at 11:49 a.m., I sent an e-mail to Kirby Spencer's counsel, Craig Perry, stating "Security Finance accepts your client's offer to settle for $4,000. I will forward/email a proposed release to you next week. Please email your W-9 to me and let me know to whom you want the settlement check made payable." This e-mail is attached as Exhibit 4.

On January 8, 2015, at 10:36 a.m., I sent an e-mail to Kirby Spencer's counsel, Craig Perry, stating "Attached is the draft of the release. Please return it to me notarized and executed. Please let us know to whom you want the check made payable and please provide your W-9. Thank you." This e-mail is attached as Exhibit 5.

About 10 days after the January 8, 2015 e-mail, I contacted Craig Perry about the proposed draft of the release. He informed me that his client may want to renege on the settlement.

On February 12, 2015, I received a letter from Craig Perry stating that Kirby Spencer "does not agree to resolve the above-noted matter." His letter is attached as Exhibit 6.

Craig Perry relayed his client's offer to settle for $4,000 and Security Finance accepted and agreed to pay the $4,000 settlement offer and this formed a contract between Plaintiff and Defendant and was the material term of the contract and settlement.

I declare under penalty of perjury that the foregoing statements are true and correct.

_____
DOUGLAS M. COHEN

SUBSCRIBED AND SWORN TO before me
this _18_ day of February, 2015.

_____
Notary Public in and for said County and
State.



NOTARY PUBLIC
ADAM MILLER
STATE OF NEVADA - COUNTY OF CLARK
MY APPOINTMENT EXP. MAR. 15, 2016
No: 12-7320-1

FENNEMORE CRAIG JONES VARGAS
SUITE 1400
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101

2

# Exhibit 1

1  Craig K. Perry, Esq.
   Nevada Bar # 3786
2  CRAIG K. PERRY & ASSOCIATES
3  8010 W. Sahara Avenue, Suite 260
   Las Vegas, Nevada 89117
4  Phone: (702) 228-4777
   Fax: (702) 943-7520
5  E-mail: info@1stoplawfirm.com
6  Attorney for Plaintiff

7               UNITED STATES DISTRICT COURT
                    DISTRICT OF NEVADA
8

9  Kirby Spencer,                    )        CASE NO.
                                      )
10              Plaintiff,            )
                                      )
11 vs.                                )        **COMPLAINT FOR DAMAGES FOR**
                                      )        **VIOLATION OF THE TELEPHONE**
12                                    )        **CONSUMER PROTECTION ACT, 47**
   Security Finance Corporation of Nevada, )   **U.S.C. § 227 ET. SEQ.**
13 a foreign corporation, doing business in )
   Nevada,                            )        **JURY TRIAL DEMANDED**
14                                    )
15              Defendant.            )
   _____ )
16

17                         **COMPLAINT**

18         COMES NOW Spencer Kirby (hereafter referred to as "Plaintiff"), by and through his attorney,

19 Craig K. Perry, Esq. of the law firm of Craig K. Perry & Associates, and alleges the following against

20 Security Finance Corporation of Nevada (hereafter referred to as Defendant "SFC").

21                        **INTRODUCTION**

22

23         1.     Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C.

24 § 227 *et seq.* (hereafter referred to as "TCPA").

25                  **JURISDICTION AND VENUE**

26

27         2.     Jurisdiction of this Court arises pursuant to 47 U.S.C. § 227(g)(2), and 28 U.S.C. § 1331

28 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

                                    1

3.  SFC conducts business in the State of Nevada and therefore, personal jurisdiction is established.

4.  Venue in this District is proper pursuant to 47 U.S.C. § 227(e)(6)(E)(i), which incorporates by reference 28 U.S.C. § 1391, of which the following subsections apply: (b)(2), because a substantial part of the events giving rise to the claim arose in Nevada, and (c)(1), because Plaintiff is a resident of the state of Nevada.

5.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

### PARTIES

6.  Plaintiff is a natural person residing in Henderson, Nevada.

7.  Plaintiff is both a "person" and "called party" as those terms are used or defined in 47 U.S.C. § 227.

8.  SFC is a South Carolina corporation doing business in Nevada and for whom a principal purpose of its business is telecommunications.

9.  SFC is properly referred to as both a "person" and a "caller" as those terms are used or defined in 47 U.S.C. § 227.

### STATEMENT OF FACTS

10.  Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 through 9, inclusive, above.

11.  Beginning on or about May 31, 2014, Plaintiff began receiving phone calls from SFC to his cell phone number.

12.  On May 31, 2014, when the call came from SFC, Plaintiff answered the call and spoke to a woman on behalf of SFC. He informed her that this was now his phone number, and asked her not

2

1    to call it any more. She apologized and stated that her company would not call any more.  However, the

2    calls continued unabated.

3          13.     Not understanding why the calls continued, Plaintiff inquired of another caller why the

4    calls were still coming in and whether the calls were being made using an automated dialer system.

5    

6    The caller, this time a man, affirmed, and Plaintiff asked that his name be removed from the automated

7    telephone dialing system.

8          14.     Accordingly, a total of eight (8) calls were made by SFC to Plaintiff's cell phone, one of

9    which was a routine mistake under the TCPA and the remaining seven (7) were made willfully and

10   

11   knowingly.

12         15.     SFC has denied making any calls to Plaintiff's cell number.

13         16.     SFC has also denied using an automated telephone dialing system in contradiction to

14   what was told to the Plaintiff by one of their callers who was an employee, agent or assign of SFC who

15   

16   was contacting or attempting to contact the Plaintiff.

17         17.     These calls violate the Telephone Consumer Protection Act, 47 U.S.C. § 227.  Such calls

18   are not permitted when there is neither (1) an established business relationship (see § 227(a)(2) nor

19   (2) prior express consent (see § 227(b)(1)(A)).

20         18.     SFC does not have an established business relationship with Plaintiff.

21   

22         19.     SFC did not have the prior express consent of the Plaintiff before making the calls to

23   Plaintiff.

24         20.     It has been necessary for Plaintiff to obtain the services of an attorney to pursue this

25   claim, and Plaintiff is entitled to recover reasonable attorney's fees therefor.

26   ///

27   ///

28

3

## FIRST CLAIM FOR RELIEF

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

21.     Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 through 20, inclusive, above.

22.     Section 227(b)(3)(A) of the TCPA authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

23.     Section 227(b)(3)(B) of the Act authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater."

24.     Despite the fact that Plaintiff never consented to SFC making calls to his cellular telephone, SFC repeatedly placed these non-emergency calls to Plaintiff's cellular telephone without Plaintiff's consent.

25.     The Act also authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations when they are done "willfully and knowingly."

26.     Here, upon information and belief, SFC repeatedly and regularly sent nonemergency, automated calls to the Plaintiff's cellular telephone after Plaintiff repeatedly contacted SFC in an effort to prevent further violations from occurring.

27.     SFC did not have Plaintiff's express consent prior to contacting him on his cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice.

WHEREFORE, Plaintiff respectfully prays that this Court grant the following relief in Plaintiff's favor and that a judgment be entered against Defendant SFC for the following:

(1)     Actual damages;

4

(2)     Statutory damages up to $1,500 per violation;

(3)     Reasonable attorney's fees and costs; and

(4)     Any other relief deemed appropriate by this Honorable Court.

**<u>DEMAND FOR JURY TRIAL</u>**

PLEASE TAKE NOTICE that Plaintiff demands a trial by jury in this case.

RESPECTFULLY SUBMITTED,

DATED: October 2, 2014          CRAIG K. PERRY & ASSOCIATES

Craig K. Perry, Esq.
Nevada Bar #3786
8010 W. Sahara Ave., Suite 260
Las Vegas, Nevada 89117
(702) 228-4777
(702) 942-7520 Fax
info@1stoplawfirm.com

5

Exhibit 2

## COHEN, DOUGLAS

| | |
|---|---|
| **From:** | Craig Perry <cperry@craigperry.com> |
| **Sent:** | Tuesday, December 23, 2014 12:44 PM |
| **To:** | COHEN, DOUGLAS |
| **Subject:** | Spencer v. Security Finance |
| **Attachments:** | TCPA_RP_Security_Finance.pdf |

Doug,

It was nice chatting with you today.

Client's offer to settle is $4,000.00.

Here are the questions I would ask if we were in litigation. They're attached.

I'll send you the email from the bar re: need for more med mal attorneys to screen cases.

Craig K. Perry
Craig K. Perry & Associates
8010 W. Sahara Avenue, Suite 260
Las Vegas, Nevada 89117-1956
(702) 228-4777 • (702) 943-7520 fax
cperry@craigperry.com

DO NOT read, copy or disseminate this communication unless you are the intended addressee. This e-mail communication contains confidential and/or privileged information intended only for the addressee. If you have received this communication in error, please call us (collect) immediately at (702) 228-4777 and ask to speak to the sender of this communication. Also please e-mail the sender and notify sender immediately that you have received the communication in error.

# Exhibit 3

**PIERSON, PATTY**

| | |
|---|---|
| **From:** | COHEN, DOUGLAS |
| **Sent:** | Tuesday, December 23, 2014 12:52 PM |
| **To:** | Craig Perry |
| **Cc:** | marshall.walsh@security-finance.com; PIERSON, PATTY |
| **Subject:** | RE: Spencer v. Security Finance |
| **Attachments:** | TCPA_RP_Security_Finance.pdf |

Dear Mr. Perry,

Thank you very much for confirming the two week extension to respond to the complaint. I am hereby forwarding your $4000 settlement offer to Security Finance along with the attached questions you referred to below. We'll get back to you after the holidays, if not before.

Thank you,

Douglas Cohen

Douglas M. Cohen | Fennemore Craig Jones Vargas
300 S. Fourth Street, Suite 1400 | Las Vegas, NV 89101
Tel: 702.692.8026 | Fax: 702.692.8075
View Bio | Download V-Card
Admitted in Nevada, Ohio
**From:** Craig Perry [mailto:cperry@craigperry.com]
**Sent:** Tuesday, December 23, 2014 12:44 PM
**To:** COHEN, DOUGLAS
**Subject:** Spencer v. Security Finance

Doug,

It was nice chatting with you today.

Client's offer to settle is $4,000.00.

Here are the questions I would ask if we were in litigation. They're attached.

I'll send you the email from the bar re: need for more med mal attorneys to screen cases.

Craig K. Perry
Craig K. Perry & Associates
8010 W. Sahara Avenue, Suite 260
Las Vegas, Nevada 89117-1956
(702) 228-4777 • (702) 943-7520 fax
cperry@craigperry.com

DO NOT read, copy or disseminate this communication unless you are the intended addressee. This e-mail communication contains confidential and/or privileged information intended only for the addressee. If you have received this communication in error, please call us (collect) immediately at (702) 228-4777 and ask to speak to the sender of this communication. Also please e-mail the sender and notify sender immediately that you have received the communication in error.

1

Exhibit 4

## COHEN, DOUGLAS

| | |
|---|---|
| **From:** | COHEN, DOUGLAS |
| **Sent:** | Tuesday, December 30, 2014 11:49 AM |
| **To:** | 'Craig Perry' |
| **Cc:** | marshall.walsh@security-finance.com |
| **Subject:** | RE: Spencer v. Security Finance |

Dear Mr. Perry,

Security Finance accepts your client's offer to settle for $4,000. I will forward/email a proposed release to you next week. Please email your W-9 to me and let me know to whom you want the settlement check made payable.

Thank you,

Douglas Cohen

Douglas M. Cohen | Fennemore Craig Jones Vargas
300 S. Fourth Street, Suite 1400 | Las Vegas, NV 89101
Tel: 702.692.8026 | Fax: 702.692.8075
View Bio | Download V-Card
Admitted in Nevada, Ohio
**From:** Craig Perry [mailto:cperry@craigperry.com]
**Sent:** Tuesday, December 23, 2014 12:44 PM
**To:** COHEN, DOUGLAS
**Subject:** Spencer v. Security Finance

Doug,

It was nice chatting with you today.

Client's offer to settle is $4,000.00.

Here are the questions I would ask if we were in litigation. They're attached.

I'll send you the email from the bar re: need for more med mal attorneys to screen cases.

Craig K. Perry
Craig K. Perry & Associates
8010 W. Sahara Avenue, Suite 260
Las Vegas, Nevada 89117-1956
(702) 228-4777 • (702) 943-7520 fax
cperry@craigperry.com

DO NOT read, copy or disseminate this communication unless you are the intended addressee. This e-mail communication contains confidential and/or privileged information intended only for the addressee. If you have received this communication in error, please call us (collect) immediately at (702) 228-4777 and ask to speak to the sender of this communication. Also please e-mail the sender and notify sender immediately that you have received the communication in error.

# Exhibit 5

## COHEN, DOUGLAS

| | |
|---|---|
| **From:** | COHEN, DOUGLAS |
| **Sent:** | Thursday, January 08, 2015 10:36 AM |
| **To:** | Craig Perry (cperry@craigperry.com) |
| **Cc:** | marshall.walsh@security-finance.com |
| **Subject:** | Kirby Spencer vs. Security Finance Corporation |
| **Attachments:** | Confidential Settlement and Indemnity Agreement.pdf |

Attached is the draft of the release. Please return it to me notarized and executed. Please let us know to whom you want the check made payable and please provide your W-9. Thank you.

<u>Douglas M. Cohen</u> | <u>Fennemore Craig Jones Vargas</u>
300 S. Fourth Street, Suite 1400 | Las Vegas, NV 89101
Tel: 702.692.8026 | Fax: 702.692.8075
<u>View Bio</u> | <u>Download V-Card</u>
Admitted in Nevada, Ohio

**From:** PIERSON, PATTY
**Sent:** Thursday, January 08, 2015 10:27 AM
**To:** COHEN, DOUGLAS
**Subject:** Kirby Spencer vs. Security Finance Corporation

1

## CONFIDENTIAL SETTLEMENT AND INDEMNITY AGREEMENT

This Confidential Settlement and Indemnity Agreement ("*Agreement*") is hereby entered into between KIRBY SPENCER ("RELEASOR") and SECURITY FINANCE LLC and SFC OF NEVADA, LLC, including and on behalf of their past, present and future board members, officers, directors, administrators, supervisors, agents (actual, apparent, ostensible or otherwise), parent companies, employees and other personnel, their insurers, their subsidiaries, administrators, affiliates, principals, partners, officers, directors, employees, employers, agents, servants, lawyers, representatives, successors, affiliates, spouses, and assigns, and all others in privity with them (collectively referred to as "RELEASEE").

## RECITALS

WHEREAS, certain claims and disputes between the parties have arisen as a result of certain acts and occurrences which are the subject of a civil action ("Civil Action") entitled KIRBY SPENCER v. SECURITY FINANCE CORPORATION OF NEVADA, Case No. 2:14-cv-01914-RFB-PAL, currently pending before the United States District Court, District of Nevada, and

WHEREAS, the parties, without conceding or admitting liability, conclude that it serves their respective interests to avoid the expenditure of additional time, effort and resources in litigating their disputes and in continuing the Civil Action, and that they now wish to fully, finally and forever settle and compromise their claims and disputes against each other, known or unknown, including but not limited to any and all claims to attorney's fees, costs and other expenses, and to release, discharge and terminate all claims, demands, controversies, suits, causes of action, damages, rights, liabilities and obligations which the parties may have against each other, including but not limited to, the claims set forth in the Civil Action, which either have been asserted or which could have been asserted.

NOW, THEREFORE, in consideration of the following terms, covenants and conditions set forth herein, the parties hereby agree as follows:

## SETTLEMENT AGREEMENT AND TERMS

1.      The foregoing Recitals are incorporated herein and by this reference are made a material part of this Agreement.

2.      RELEASOR, in consideration of a one-time payment in the amount of $4,000.00 (Four Thousand Dollars) (the "Payment"), to be paid in trust to RELEASOR'S counsel, and for other valuable consideration do for themselves and for their agents (actual, apparent, ostensible, or otherwise), beneficiaries, assigns, heirs, executors, and successors in interest, and all others in privity with them, hereby release and forever discharge RELEASEE, including past, present and future board members, officers, directors, administrators, supervisors, agents (actual, apparent, ostensible or otherwise), parent companies, employees and other personnel, their insurers, their subsidiaries, administrators, affiliates, principals, partners, officers, directors, employees,

Page 1 of 5

employers, agents, servants, lawyers, representatives, successors, affiliates, spouses, and assigns, and all others in privity with them and each of them from any and all past, present, or future damages claims and potential claims, demands, obligations, actions, causes of action, wrongful death claims, grief and sorrow, funeral expenses, punitive damages claims, rights, damages, costs, expenses and compensation of any and all nature whatsoever, whether based upon tort, contract, statute or regulation, whether state or federal, court decision or any other theory of recovery, which RELEASOR now has, or which may hereafter accrue or otherwise be acquired on account of, in any way arising out of, or which are or could have been, the subject of the Civil Action referenced above as part of this agreement, including all claims known and unknown or unasserted, vested or contingent in law or equity, for economic and non-economic personal or bodily or mental injuries to RELEASOR.

3.      RELEASOR expressly agrees to direct his agents or attorneys to execute any and all documents necessary to ensure that ALL CLAIMS against the RELEASEE are dismissed with prejudice, and that the RELEASEE is dismissed from the above entitled Civil Action in its entirety. RELEASOR'S counsel will also dismiss any claims against any other parties to the Civil Action allegedly arising out of any acts or omissions by RELEASEE.  RELEASOR represents that he had no medical claims or expenses as a result of RELEASEE'S conduct.

4.      RELEASOR acknowledges that this agreement will fully discharge any and all claims against other entities for vicarious liability or ostensible agency for the alleged acts or omissions of RELEASEE, to the extent alleged in the Civil Action.

5.      It is understood and agreed upon between RELEASOR and RELEASEE that this settlement is a compromise of doubtful and disputed claims and that the payments set forth herein are not to be construed as an admission of liability on the part of RELEASEE, by whom liability is expressly denied.

6.      RELEASOR represents and warrants that no other person or entity has any interest in the claims, demands, obligations, or causes of action referred to in this agreement; that RELEASOR have the sole right and exclusive authority to execute this agreement, and receive the sum as specified herein, and that all persons who could be bound by this agreement are so bound, including RELEASOR'S executors, administrators, personal representatives, heirs, agents, employees, successors, beneficiaries, estates, and assigns. RELEASOR further warrants that RELEASOR has not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims, demands, obligations, or other causes of action referred to in this agreement.

7.      Each party shall bear its own costs, attorneys' fees and expenses incurred in and as a result of the Civil Action.

8.      The parties hereby agree that all settlement proceeds are for compensatory damages belonging to RELEASOR.  Punitive damages were not proven or found by a court of law to apply to this case. Applicable state law requires that a finding of punitive damages be adjudicated by a court of competent jurisdiction under specific guidelines; there has been no such finding.

9.    In the event it is necessary for either party to this Agreement to institute an action to interpret or enforce this Agreement, or to preclude the purported violation of this Agreement, the prevailing party in such action shall be entitled to reimbursement of reasonable costs, expenses and attorneys' fees.

10.    RELEASOR acknowledges that he has been represented by legal counsel, and has consulted with and been advised by counsel with respect to the effect and legal significance of this Agreement. The RELEASOR acknowledges that he has thoroughly and carefully read this document and fully understands it and is signing it voluntarily after being fully advised by his legal counsel. The RELEASOR specifically acknowledges that the sum set forth herein is all of the money that the RELEASOR will receive from the RELEASEE, despite any costs or fees that may be claimed by his attorney or any other person or entity.

11.    AGREEMENT TO INDEMNIFY AGAINST LIENS

11A.    RELEASOR represents and warrants that RELEASOR and RELEASOR'S COUNSEL have reviewed the underlying facts and evidence of this case and are in the best position to determine the existence of any liens arising out of or in relation to the Civil Action. RELEASOR and RELEASOR'S counsel represent and warrant that there are no liens or known potential liens arising out of or in relation to the Civil Action.

11B.    RELEASOR acknowledges that in making the Payment to RELEASOR pursuant to this settlement agreement, RELEASEE is reasonably relying on the representation and warranties made by RELEASOR herein and these representations and warranties are a material inducement to RELEASEE to make payment as part of this Agreement.

11C.    RELEASOR'S COUNSEL acknowledges that in making payment to RELEASOR pursuant to this Agreement, RELEASEE is reasonably relying on the representation and warranties made by RELEASOR'S COUNSEL herein and these representations and warranties are a material inducement to RELEASEE to make payment under this Agreement.

11D.    In exchange for the tender of the Payment, which will not include any lienholder as a named payee, RELEASOR hereby covenants and agrees to defend, hold harmless and indemnify (including costs, attorneys' fees, and other claims and/or expenses) RELEASEE from any and all further, additional or future liability, loss, damages, or expenses incurred because of any legal action or threat of legal action which RELEASOR might bring, or which might be brought on RELEASOR'S behalf, and or brought by creditors or lienholders as a result of the expenses or benefits which RELEASOR incurred, or which may have been incurred or received on their behalf, arising out of or in any way relating to the claims asserted in the Civil Action. In the event of such an action, RELEASEE shall have the sole and exclusive right to select counsel and to control the defense of such action, and RELEASOR shall be obligated to pay for the reasonable costs of such defense, and to pay any fines, judgment or reasonable settlement reached with respect to such an action.

11E.    The settlement reached and this Agreement are intended to provide RELEASOR with a one-time lump sum payment which will foreclose RELEASEE'S responsibility for any payment of all Medicare covered medical expenses, if any, related to or giving rise to the claims made in the Civil Action. RELEASOR has not submitted any medical expenses related to the subject incident to Medicare or Medicaid. RELEASOR and his counsel contend that the settlement of this claim does not meet Medicare's or Medicaid's current review requirements. Therefore, it is the position of the Parties that no funds are required to be set-aside for covered treatment, if any, related to or giving rise to the claims asserted in the Civil Action.

12.    If any part of this Agreement is found to be invalid, it shall be severable from the remainder of the Agreement, which shall be unaffected by the invalidity of said part or paragraph, and shall remain binding and of full effect on the parties hereto.

13.    This Agreement is made pursuant to and shall be governed by the laws of the State of Nevada.

14.    RELEASOR and RELEASEE shall keep the terms of this Agreement strictly confidential, but are permitted to disclose the terms of this Agreement to their accountants, attorneys, financial advisors and others as required by law, and are free to advise the general public only that the Civil Action was settled on terms mutually agreeable to the parties. RELEASOR and RELEASEE shall refrain from making false statements concerning the terms of this Agreement and may not disclose to any party, other than as required herein, that monetary payments have been or will be made, or about the existence of contents of this Agreement. RELEASOR and RELEASEE may not disclose to any party, other than as permitted herein, the claims, demands, damages, action, causes of action brought or threatened in the Civil Action. Nothing in this provision shall inhibit any party from disclosing this agreement as necessary in legal proceedings or as necessary during the course of defense of a claim related to allegations contained within the Civil Action.

15.    This confidentiality agreement is a mutual promise, the consideration of which is the agreement by the other party to maintain the confidentiality of this settlement.

16.    This Agreement contains the entire understanding between RELEASOR and RELEASEE and their agents, attorneys, successors, subsidiaries, affiliates, present and former owners, officers, directors, shareholders, and members in connection with the subject matter discussed herein. It is expressly acknowledged and recognized by the parties that there are no other oral or written agreements between the parties, and that this Agreement may be modified, cancelled, supplemented or discharged only in a subsequent writing signed by the parties.

/ / /

/ / /

/ / /

/ / /

Page 4 of 5

17.     This Agreement is a result of negotiations, and, as such, shall be deemed to have been jointly prepared by the parties. The normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement or of any amendments or exhibits to this Agreement.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date set forth herein.


By: _____
      *Kirby Spencer*

Subscribed and Sworn to before me this

_____ day of _____, 2015.


_____
NOTARY PUBLIC

My commission expires:_____



REVIEWED AND APPROVED BY:

CRAIG K. PERRY & ASSOCIATES


By: _____
          Craig K. Perry, Esq.
          8010 W. Sahara Avenue, Suite 260
          Las Vegas, Nevada  89117
          *Attorneys for Plaintiff*

Page 5 of 5

# Exhibit 6

# CP/K CRAIG K. PERRY
## & ASSOCIATES

8010 W. Sahara Avenue, Suite 260 • Las Vegas, Nevada 89117
(702) 228-4777 phone • (702) 943-7520 fax

February 12, 2015

**Via Facsimile Only**
(702) 692-8099

Douglas M. Cohen, Esq.
FENNEMORE, CRAIG, JONES VARGAS
300 S. Fourth Street #1400
Las Vegas, Nevada 89101

      RE:    Spencer vs. Security Finance Corporation of Nevada
              Case No.: 2:14-cv-01914-RFB-PAL

Dear Doug,

As discussed my client does not agree to resolve the above-noted matter. As such, please file an answer so that we can move forward with litigation on this case.

Very truly yours,

CRAIG K. PERRY & ASSOCIATES

CRAIG K. PERRY, Esq.

CKP/ec